888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randolph LOGAN, Plaintiff-Appellant,
v.
LLOYD'S UNDERWRITERS OF LONDON, Defendant-Appellee.
 No. 88-2232.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Randolph Logan appealed from a decision of the district court granting summary judgment in favor of defendant-appellee Lloyd's Underwriters of London in this diversity action for its bad faith disclaimer of coverage purportedly arising pursuant to a policy of insurance issued to the appellant Randolph Logan. Appellant was a professional football player with the Philadelphia Eagles of the National Football League for eleven years. To protect his career prospects, appellant purchased insurance underwritten by appellee against bodily injury or sickness including injury or sickness arising from his participation in professional football which solely and independently of any other cause resulted in permanent total disablement, thereby preventing him from continuing his occupation. The policy expressly excluded "losses directly or indirectly caused or contributed to by ... [o]steoarthritis or any other degenerative change of joints, muscles, ligaments or tendons;...."
 
 
 2
 Appellant filed a claim of disablement resulting from a series of discrete injuries which occurred during the 1983-84 football season, beginning with and resulting from an injury on September 11, 1983 during a game against the Washington Redskins. Four physicians presented testimony which tended to indicate "degenerative changes" in appellant's physical condition resulting over a period of years, which appellee asserts contributed to his disablement, if any, thus excluding appellant's condition from coverage under the policy.
 
 
 3
 Appellee moved for summary judgment alleging that the depositions of the four physicians disclosed that there was no genuine issue of material fact concerning the appellant's osteoarthritic degenerative changes that contributed to his disablement. The District Court for the Eastern District of Michigan granted the motion for summary judgment and dismissed the case. Appellant filed a motion for reconsideration and argued that the testimony in the depositions as supplemented by three of the deponents' post judgment affidavits filed with the motion joined genuine issues of conflicting material fact. The district court refused to consider the affidavits and denied the motion for reconsideration. Logan appealed.
 
 
 4
 The teaching of Reid v. Sears, Roebuck & Co., 790 F.2d 453, 460 (6th Cir.1986), Biecheles v. Cedar Point, Inc., 747 F.2d 209, 215 (6th Cir.1984), and Camfield Tires Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365-66 (8th Cir.1983) mandate that post judgment conflicting affidavits cannot be introduced into evidence to discredit timely filed depositions of the affiants. Upon review of the claimant's assignments of error, the record in its entirety, the briefs of the parties, and the argument of counsel, this court concludes that the district court did not err in granting summary judgment to defendant-appellee.
 
 
 5
 Accordingly, the summary judgment in favor of Lloyd's Underwriters of London is AFFIRMED for the reasons stated in the trial court's opinion of June 9, 1987.